Present:   All the Justices

MARTIN & MARTIN, INC.
                          OPINION BY JUSTICE LEROY R. HASSELL, SR.
v.  Record No. 972378             September 18, 1998

BRADLEY ENTERPRISES, INC., ET AL.

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
M. Langhorne Keith, Judge

The primary issue that we consider in this appeal is whether the trial court erred in refusing to permit the plaintiff to use parol evidence to explain a purported ambiguity in a contract.

Plaintiff, Martin & Martin, Inc., filed an amended motion for judgment against Bradley Enterprises, Inc., and its president, Robert J. Bradley, Jr.  The plaintiff, a Virginia corporation, alleged in its amended motion that the defendants breached a contract, described as an asset purchase agreement, and that the defendants fraudulently induced the plaintiff to execute that agreement.

The following facts are relevant to our disposition of this appeal.  The plaintiff executed an asset purchase agreement with the defendants, in which Bradley Enterprises agreed to sell, transfer, and deliver to the plaintiff a retail frozen yogurt store in Fredericksburg for a price of $59,500.  Bradley Enterprises had sold frozen yogurt at the store, and the plaintiff intended to continue to operate a retail frozen yogurt business.

The asset purchase agreement contained the following provisions which are pertinent in this appeal:

"Section 2.  Indemnifications and Warrants [sic].
     "2.1.  Seller covenants and agrees to indemnify and hold harmless the Buyer from and against any loss, claim, liability, obligation or expense (including reasonable attorneys' fees) a) incurred or sustained by Buyer on account of any misrepresentation or breach of any warranty, covenant, or agreement of Seller contained in this Agreement or made in connection herewith . . . .
                              . . . .
"Section 3.  Entire Agreement
     "The exhibit hereto is an integral part of this agreement.  All understandings and agreements between the parties are merged into this Agreement which fully and completely expresses their agreements and supersedes any prior agreement of understanding relating to the subject matter, and no party has made any representations or warranties, expressed or implied, not herein expressly set forth.  This Agreement shall not be changed or terminated except by written amendment signed by the parties hereto."

Judith A. Martin, president of Martin & Martin, Inc., signed the agreement on behalf of the plaintiff, and Robert Bradley executed the agreement on behalf of Bradley Enterprises.

Judith Martin testified at trial that Robert Bradley had represented to her, before she executed the contract, that the store had annual gross sales of approximately $168,000.  Mrs. Martin stated that she relied upon this sales figure when Martin & Martin, Inc., decided to acquire the store.  After the plaintiff began to operate the store,  Mrs. Martin became concerned because of the low gross sales volume.  Subsequently, Mrs. Martin obtained a report from the Virginia Department of Taxation which revealed

2

that the store's annual gross sales were significantly lower than $168,000. Mr. Bradley testified that he informed Mrs. Martin and her husband, before the asset purchase agreement was executed, that the store generated between $70,000 and $80,000 in annual gross sales.

At trial, the plaintiff sought to introduce parol evidence of an express warranty through Mr. Bradley's purported statement that the store had annual gross sales of $168,000. The trial court refused to permit the plaintiff to present such evidence and, consequently, struck the plaintiff's breach of contract claim because, without the parol evidence, the plaintiff could not establish a contractual duty that the defendants could have breached. The trial court also refused to permit a witness to testify on behalf of the plaintiff. The case proceeded to the jury on the fraud claim, and the jury returned a verdict in favor of the defendants, which was confirmed by the trial court. The plaintiff appeals.

The plaintiff asserts that Mr. Bradley's representations to Mrs. Martin constituted a warranty of the gross sales revenue. Continuing, the plaintiff says that the language in the asset purchase agreement is ambiguous because Section 2 of the agreement requires the defendant Bradley Enterprises to indemnify the plaintiff for losses incurred because of any breach of warranty, but Section 3 of the agreement limits this defendant's liability to

3

breaches of warranties that are actually expressed in the agreement. The plaintiff contends that it was entitled to present parol evidence to establish the terms of the warranty because of this purported ambiguity, and that the trial court failed to give effect to Section 2 of the agreement.

Responding, the defendants argue that if an ambiguity exists in the agreement, such ambiguity must be resolved in their favor because the plaintiff drafted the purportedly ambiguous provisions. We agree with the defendants.

The plaintiff drafted the asset purchase agreement. We "must give effect to the intention of the parties as expressed in the language of their contract." Rash v. Hilb, Rogal & Hamilton Co., 251 Va. 281, 286, 467 S.E.2d 791, 794 (1996); Foti v. Cook, 220 Va. 800, 805, 263 S.E.2d 430, 433 (1980); accord Worrie v. Boze, 191 Va. 916, 925, 62 S.E.2d 876, 880 (1951). In the event of an ambiguity in the written contract, such ambiguity must be construed against the drafter of the agreement. Mahoney v. NationsBank of Virginia, 249 Va. 216, 222, 455 S.E.2d 5, 9 (1995); Winn v. Aleda Constr. Co., 227 Va. 304, 307, 315 S.E.2d 193, 195 (1984).

Applying these principles, we hold that the trial court did not err by refusing to permit the plaintiff to present parol evidence. Section 3 of the agreement, which must be construed in favor of the defendants, states that all understandings and agreements between the parties are merged in the agreement and that

4

no party has made representations or warranties that are not expressly set forth in the agreement. The agreement does not contain a warranty of the amount of gross sales that the store generated annually, and, thus, the plaintiff may not seek to establish such warranty with parol evidence.

Next, the plaintiff argues that the trial court erred in refusing to permit her husband, James R. Martin, to testify as a witness at trial. Mr. Martin would have testified that he heard Mr. Bradley state to Mrs. Martin that the store had annual sales of $168,000.

On the morning before the trial commenced, the defendants made a motion in limine to exclude Mr. Martin's testimony. According to representations of counsel, upon which the trial court relied without objection, the following events occurred. The defendants filed a notice to take the discovery depositions of Mr. and Mrs. Martin. Before the depositions began, plaintiff's counsel informed defendants' counsel that "Mr. Martin would prefer to go on a business matter; that he had business to attend; and furthermore that he was not a material witness in the case; and there was no reason for him to be deposed."

The defendants' counsel replied that he had "no problem with excusing [Mr. Martin] for that deposition so long as [counsel] could rely on that assurance." Defendants' counsel conducted the discovery deposition of Mrs. Martin, and, during that deposition,

she was asked:  "is your husband a player or participant in Martin & Martin and its operations?"  She responded:  "He comes in and mops the floors occasionally but, other than that, no.  He has other work."  Additionally, Mrs. Martin was asked:  "Apart from your testimony today, does your husband, if you know, have any knowledge that bears on the issues before the court in this litigation?"  She responded:  "Not really.  He gets his information from me.  He does not deal directly with any of the business matters.  I confer with him.  You know, we decide things together but the actual dealing with Mr. Bradley or any other, he does not participate on that level."

After the expiration of a discovery cut-off date, which had been established by a court order, the plaintiff submitted to the defendants a late answer to interrogatories that had been propounded timely by the defendants.  The plaintiff's answer to an interrogatory stated that Mr. Martin may have knowledge of facts relevant to this litigation.  Additionally, the plaintiff stated, in another interrogatory answer which was also filed after the discovery cut-off date, that Mr. Martin may have witnessed fraudulent representations made by Mr. Bradley.

The trial court refused to permit Mr. Martin to testify.  The trial court, explaining its ruling, stated:  "I sustain the

objection.  I think the defendants have been misled if we let Mr. Martin testify."*

The plaintiff contends that the trial court abused its discretion in excluding Mr. Martin's testimony.  We disagree.  The decision to exclude Mr. Martin's testimony is within the sound discretion of the trial court, and the record simply fails to disclose that the trial court abused its discretion.  The plaintiff also argues that when Mrs. Martin testified during her deposition, she was not the designated representative of the plaintiff corporation and, therefore, her responses could not bind the corporation.  We do not consider this argument because it was not raised in the trial court.  Rule 5:25.

Accordingly, we will affirm the judgment of the trial court.

<u>Affirmed</u>.

---

*The trial court's ruling, however, may have been based, in part, upon an inaccurate representation concerning the sequence of events during the discovery process.  During oral argument on the motion <u>in</u> <u>limine</u> to exclude Mr. Martin's testimony, the defendants advised the trial court that the plaintiff had filed its answers to interrogatories prior to the deposition of Mrs. Martin and that one of the purposes of the subsequent deposition was to "clear up" any matters left uncertain or ambiguous by the interrogatory answers.  However, the defendants deposed Mrs. Martin on April 23, 1997, and the plaintiff filed its answers to interrogatories on July 17, 1997, almost three months <u>after</u> Mrs. Martin's deposition.  We conclude that the trial court did not abuse its discretion in excluding Mr. Martin's testimony because the plaintiff did not object or point out to the trial court that the deposition of Mrs. Martin had, in fact, occurred before the plaintiff answered the interrogatories.

7