## CIRCUIT COURT OF ROCKINGHAM COUNTY

Tomasita Gonzalez

    v.

Consumer Portfolio Services, Inc.

September 2, 2004

Case No. CL04-00092

BY JUDGE JAMES V. LANE

The Court heard oral argument on this case on August 18, 2004, and the issues have been thoroughly briefed, both prior to oral argument and through supplemental memoranda that have been filed with the Court. The defendants, by counsel, have filed with the Court their Motion to Stay and to Compel Arbitration based upon the Virginia Buyers' Order, which was signed by the parties on February 28, 2003, and which contains in Paragraph 17 a mandatory arbitration clause.

The plaintiff objects to mandatory arbitration on the principal ground that the retail installment sales contract (hereinafter referred to as RISC) upon which the transaction was consummated and which is the basis of her Motion for Judgment is the only presently existing agreement between the parties. The plaintiff relies upon the fact that the RISC contains a merger clause on page 2 thereof and does not include the arbitration clause upon which defendant relies. The plaintiff also argues that her inability to read English and understand English prevented her from knowingly and intelligently agreeing to the arbitration clause and waiving her constitutional rights to trial.

### Analysis

Since it appears to the Court that the matter will be decided solely upon the contractual law applicable to the case, I do not believe it is necessary to

44

address the plaintiff's second argument relating to her alleged language limitations. As noted in both oral argument and throughout the memoranda filed by the plaintiff, the law is clear that where two or more documents are executed at the same time or contemporaneously between the same parties and in reference to the same subject matter, they are to be regarded as a single transaction and be construed as if their multiple provisions were in the same instrument. This established doctrine is clearly recognized in *Mayberry v. Ememessay, Inc.*, 201 F. Supp. 2d 687 (W.D. Va. 2002). See also, 4A M.J., *Contracts*, § 49, for further citations of authority. The reasoning behind this rule is patently obvious in that, in a typical consumer transaction, the parties, as a result of statutory requirements and business practices, often are faced with multiple documents which must be executed as part of a total transaction that ultimately will lead to a consumer's purchase of goods or services. In the present case, Virginia statute requires a Buyer's Order pursuant to § 46.2-1530, Code of Virginia, 1950, as amended. In applicable part, the Code Section states:

> A. Every motor vehicle dealer shall complete in duplicate, a buyer's order for each sale or exchange of a motor vehicle. A copy of the buyer's order shall be made available to a prospective buyer during the *negotiating phase of a sale and prior to any sales agreement.* The completed original shall be retained for a period of four years in accordance with § 46.2-1529, and a duplicate copy shall be delivered to the purchaser at the time of sale or exchange.

(Emphasis added.)

Although it has been contended by the defendant in its argument that the plaintiff has not shown the Buyer's Order was executed prior to the RISC, the statute clearly requires that it precede the sales agreement. Obviously, if this had been a cash sale, the Buyer's Order itself could, as provided by the statute, have become a Bill of Sale. In the present case, however, there is no allegation or basis for an exception to the rule that the Buyer's Order must precede the RISC and it is presumed that the defendant complied with the law.

It seems clear from the statute and the general statutory scheme that the principal purpose of the Buyer's Order is to establish the sale price of the vehicle itself and to comply with the various other statutory requirements as set forth therein. The controlling issue in the case, therefore, becomes whether or not the RISC, a copy of which the plaintiff has attached to her Motion for Judgment as Exhibit 2, is the only controlling agreement remaining in this transaction. The plaintiff's argument is based upon the merger clause on the

second page of the RISC. The merger provision states in pertinent part as follows:

> HOW THIS CONTRACT CAN BE CHANGED. This contract contains the entire agreement between you and us relating to this contract. Any change to this contract must be in writing and we must sign it. No oral changes are binding. . . .

It is the plaintiff's position that the RISC contains no provision whatsoever requiring arbitration of any disputes relating to the vehicle purchase and that the arbitration clause has no applicability to the purchase itself. In reviewing the contractual documents in this matter, if there is any doubt in the interpretation of the agreements in question, the contract is to be construed against the party who has prepared the contract. *Martin v. Bradley Enters., Inc.*, 256 Va. 288 (1998). In the present case, although many of the provisions of the Buyer's Order and RISC are required by statute, there is no question but that the seller defendant is the party who prepared and furnished the documents to be executed by the plaintiff consumer. Also, neither the arbitration clause or the merger clause, which are the principal provisions at issue, are in any way mandated by the applicable statutes.

When a merger clause containing the requirement that all changes must be in writing is included in a contract, courts have held on numerous occasions that there may be subsequent oral agreements which modify a written contract if proof of such oral modification is clear. Also pursuant to the contract, they can be modified by subsequent written agreement. In the present case, however, this would have no applicability since the Buyer's Order was executed prior to the RISC and no subsequent oral agreement is alleged by the defendant.

Although arbitration agreements were not enforceable at common law, they are currently authorized by both state and federal statutes. Such agreements will be enforced if not drafted in an unconscionable or unenforceable manner.

In the present case I see no basis to conclude that the arbitration provision as set forth in the Buyer's Order is, in fact, part of or to be included in the RISC. Defendant's argument that all documents are to be read together in a commercial transaction as part of one agreement cannot overcome the defendant's own language which contradicts its position. As the party who was responsible for preparing the documents, the defendant, RDA, Inc. had every opportunity to include the arbitration provision in the installment contract or to incorporate it by reference to the provision in the prior Buyer's Order.

## Conclusion

For the reasons set forth above, I find no basis to grant the defendant's Motion to Stay and to Compel Arbitration. Although I recognize that defendant has forwarded to the Court a copy of the RISC which was alleged to have been the applicable contract in the *Mayberry v. Ememessay* decision of Judge Moon, there is no reference in the decision of the court to the merger clause or that it was even considered by the Court in reaching its decision. Obviously, unless a specific issue is raised and considered, the decision carries no precedential value regarding that matter. Further, despite what is clearly an extensive research effort by both parties as well as the Court, I have seen no authority to support the proposition that, when a merger clause is included in an agreement of sale, that prior verbal or written agreements or portions thereof are to be presumed incorporated into the final agreement. There is no doubt this could have been done through proper language in the RISC; however, defendant failed to do so.