# CIRCUIT COURT OF ROCKINGHAM COUNTY

James H. S. Whitney,
D.D.S., P.C.

v.

Anthem Services, Inc., et al.

October 17, 2005

Case No. CL04-00516

By Judge James V. Lane

This matter is before the Court on the plaintiff's Motion for Partial Summary Judgment and defendant's Motion for Summary Judgment. The parties submitted a stipulated statement of facts and memoranda in support of their positions. On October 7, 2005, the Court heard oral argument on the issue of the amount of compensation to which the plaintiff is entitled under its contract with the defendants. After reviewing the record, the Court finds that the plain language of the contract does not permit the defendants to reduce its payment to the plaintiff for anesthesia services performed by a certified registered nurse anesthetist.

## Facts

The plaintiff, James H. S. Whitney, D.D.S., P.C. ("Whitney") is a Virginia professional corporation located in Harrisonburg, Virginia. James H. S. Whitney, D.D.S., and Phillip J. Pandolfi, D.M.D., are employees of the professional corporation, which provides oral and maxillofacial surgery services

to patients, including Anthem members. Defendant Anthem Health Plans of Virginia, Inc., d/b/a Anthem Blue Cross and Blue Shield ("Anthem"), is in the business of providing group health insurance and health benefit plan administration services. Defendant Anthem Services, Inc. ("ASI") is a contracting agent for Anthem.

Acting as an agent of Anthem, ASI entered into a contract known as a Provider Agreement with Whitney in October 2003. The Provider Agreement was amended in August 2004 with a January 1, 2005, effective date. Whitney had been a Network Provider with Anthem since 1979. The Provider Agreements were drafted by Anthem and executed by both Whitney and ASI. The Provider Agreement states that it "constitutes the entire agreement between the parties with respect to its subject matter. No prior agreement or understanding regarding any such matter has any effect." Anthem members receive a Summary Plan Description or Member Booklet which describes the dental benefits covered by the Plan. Whitney was not provided copies of the Member Booklet issued to Anthem members at the time he signed the Provider Agreement.

A number of the outpatient surgical procedures performed by Whitney require the administration of general anesthesia. The Provider Agreement describes Anthem's reimbursement obligations regarding anesthesia services rendered in an office setting as follows:

General anesthesia rendered in the dental office is eligible for coverage
according to the following guidelines:
When surgical services require anesthesia, anesthesia services are
covered services. However, when the provider performs both the
surgical service and the anesthesia service, the *allowable charge*
for the anesthesia service will be 50% of what it would have been
if a second provider had performed the anesthesia service.

(Emphasis in original.)

When certain surgical procedures require general anesthesia, Whitney has engaged the services of William Ressler, a Certified Registered Nurse Anesthetist (CRNA), to provide those services. Ressler is licensed by the Commonwealth of Virginia's Department of Health Professions as a registered nurse and licensed nurse practitioner-nurse anesthetist. The terms of Ressler's business relationship with Whitney are determined by Ressler and Whitney without the direct knowledge or approval of ASI or Anthem. Ressler does not have a separate Provider Agreement with Anthem, nor has Anthem issued a provider number to Ressler. When Ressler provides general anesthesia services

in Whitney's office, his services are billed under Whitney's Anthem provider number. Anthem pays Whitney 50% of the allowable charge for general anesthesia services performed by Ressler.

Whitney's Amended Motion for Judgment, filed with leave of the Court on May 23, 2005, alleges four counts arising from the Provider Agreement: breach of contract, breach of Va. Code § 38.2-3407.15, declaratory judgment, and violation of Va. Code § 38.2-3407.15(F). The sole issue before the Court on the parties' cross-motions for summary judgment is whether the general anesthesia services provided by Ressler in Whitney's office and billed by Whitney under its provider number are subject to the 50% allowable charge provision in the Provider Agreement.

*Analysis*

The plaintiff argues that Dr. Whitney did not perform both the surgical and anesthesia services for his patients. Instead, the anesthesia services were performed by Ressler, a "second provider." Consequently, payment for the anesthesia services should not be reduced by 50%. In response, Anthem argues that Ressler acted as Whitney's agent, so they should be considered the same "provider" within the meaning of the general anesthesia provision of the Provider Agreement. Whitney would only be entitled to higher reimbursement for the CRNA's services if Ressler qualified as a "second provider."

Interpretation of the provisions of an insurance contract presents a question of law appropriate for summary judgment. *Transcontinental Ins. Co. v. RBMW, Inc.*, 262 Va. 502, 510, 551 S.E.2d 313, 317 (2001); *C. F. Garcia Enterprises, Inc. v. Enterprise Ford Tractor, Inc.*, 253 Va. 104, 107, 480 S.E.2d 497, 498-99 (1997). Insurance policies, like other contracts, must be interpreted "in accordance with the intention of the parties gleaned from the words they have used in the document." *Transcontinental Ins. Co.*, 262 Va. at 512, 551 S.E.2d at 318, quoting *Floyd v. Northern Neck Ins. Co.*, 245 Va. 153, 158, 427 S.E.2d 193, 196 (1993).

The term "provider" is not defined in the "Definitions" section or elsewhere in the Provider Agreement. Anthem argues that the Court should consider the Member Booklet in determining the parties' intent. The term "Provider" is italicized throughout the Member Booklet, indicating that it is a defined term. In its definitions section, the Member Booklet defines "providers" by enumerating fourteen specific types of health care professionals. The list does not include registered nurses or CRNAs. Additionally, the Member Booklet's provision on anesthesia services refers to the "physician" instead of the

"provider." A CRNA or registered nurse clearly could not be considered a second physician.

The Member Booklet, however, was not given to Whitney when the Provider Agreement was signed. Virginia Code § 38.2-3407.15(B)(8) provides that:

> No provider contract may fail to include or attach at the time it is presented to the provider for execution (i) the fee schedule, reimbursement policy or statement as to the manner in which claims will be calculated and paid which is applicable to the provider or to the range of health care services reasonably expected to be delivered by that type of provider on a routine basis and (ii) all material addenda, schedules, and exhibits thereto and any policies (including those referred to in subdivision 4 of this subsection) applicable to the provider or to the range of health care services reasonably expected to be delivered by that type of provider under the provider contract.

Since the Member Booklet is a document applicable to the provider and the range of health care services reasonably expected to be delivered under the Provider Agreement, Anthem was required to give Whitney a copy of the Member Booklet. Anthem's failure to abide by the requirements of Va. Code § 38.2-3407.15(B)(8) prevents the Member Booklet, "and its definition of provider," from being incorporated by reference into the Provider Agreement.

"When a policy does not define a given term, we give the word its `ordinary and accepted meaning'." *Transcontinental Ins. Co.*, 262 Va. at 512, 551 S.E.2d at 318, quoting *Scottsdale Ins. Co. v. Glick*, 240 Va. 283, 288, 397 S.E.2d 105, 108 (1990).

The ordinary meaning of "provider" is not limited to medical doctors or individuals who have signed a Provider Agreement with an insurer. The usual and customary meaning of provider is "one that makes something, such as a service, available." *The American Heritage Dictionary of the English Language* (4th ed. 2001). In the context of health care, a provider can include dentists, doctors of medicine, registered nurses, hospitals, and many other health care professionals. See e.g. Va. Code § 8.01-581.1. Using these ordinary definitions, a CRNA qualifies as a "provider." To the extent that the meaning of "provider" is unclear, the contract should be construed against the drafter, Anthem. *Martin & Martin, Inc. v. Bradley Enterprises*, 256 Va. 288, 291, 504 S.E.2d 849, 851 (1998).

Therefore, the Court finds that Whitney and Ressler are not the same "provider" within the meaning of the general anesthesia provision of the Provider Agreement. Anthem cannot pay Whitney only 50% of what the allowable charge would have been if a second provider had performed the anesthesia service.

## Order

For the reasons set forth above, it is hereby ordered that the plaintiff's Partial Motion for Summary Judgment is sustained and defendant's Motion for Summary Judgment is overruled. The clerk is directed to send attested copies of this opinion and order to Brian K. Brake, Esq., Counsel for Plaintiff, and Thomas G. Bell, Jr., Counsel for Defendants.