COURT OF APPEALS OF VIRGINIA


Present: Judges Humphreys, Haley and Alston
Argued at Alexandria, Virginia


KATHLEEN MARIE ROTH

                                          MEMORANDUM OPINION[*] BY
v.       Record No. 1332-10-4          JUDGE JAMES W. HALEY, JR.
                                            MARCH 1, 2011
DONALD DAVIS ROTH, II


FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
Thomas D. Horne, Judge

David L. Duff (The Duff Law Firm, on brief), for appellant.

Christopher W. Schinstock (Cottrell, Fletcher, Schinstock, Bartol &
Cottrell, on brief), for appellee.


## I. INTRODUCTION

Kathleen Marie Roth (wife) and Donald Davis Roth, II (husband) entered into a property

settlement agreement (PSA) in December 1988, which was incorporated in a final divorce decree

in February 1990. Wife maintains the PSA grants her an equitable interest in a retirement

pension that did not exist at the time of execution of that agreement. We disagree and affirm the

trial court's ruling denying her that interest.

## II. BACKGROUND

Given our resolution of this case, the relevant facts may be succinctly stated.

The parties married in December 1965. During the marriage, husband worked as a

teacher for Fairfax County. In this employment, he acquired pension benefits with the county.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Paragraph thirteen of the PSA addresses the division of husband's retirement benefits:

### 13. Retirement Pension

The Parties acknowledges [sic] that the Husband is entitled to retirement benefits through his employment with the Fairfax County Board of Education including the Educational Employees Supplemental Retirement System. The Husband agrees that the Wife is entitled to a monetary award from the pension benefits, if, as, and when received by the Husband; said award being a sum of money equal to forty percent (40%) of each payment or disbursement received, multiplied by a fraction, the numerator of the fraction being the number of years of the marriage up to the date of separation of the Parties while the Husband was employed by the Fairfax County Board of Education; the denominator being the total number of years of the Husband's employment with the Fairfax County Board of Education.

The Husband further agrees to furnish to the Wife any and all documents necessary to assist her in obtaining direct payment of such funds. The Husband agrees that this Agreement shall serve as authorization to the Virginia Supplemental Retirement System, which administers his retirement benefits on behalf of the Fairfax County School Board or the custodian of said pension and benefit plan or to his estate to pay to the Wife her agreed upon share of said benefits or lump sum payment.

We note for purposes of clarity that the Educational Employees Supplemental Retirement System and the Virginia Supplemental Retirement System (VSRS) are the same entity.

Paragraph 2 of the PSA waives any interests "real or personal . . . whether now owned *or hereafter acquired*." (Emphasis added). Likewise, Paragraph 4 of the PSA reads:

Except as otherwise specifically provided in this Agreement, each Party shall own, have and enjoy independently of any claim or right of the other, all items of tangible and intangible personal property of every kind, now or hereafter owned by him or her . . . . Each Party hereby waives and releases fully any claim or right he or she may have in the assets held by or titled in the name of the other Party. The foregoing shall apply to all property, including, but not limited to, savings accounts, stocks, bonds, money market accounts, *pensions,* annuities, and ready asset accounts.

(Emphasis added). While both parties had legal counsel, wife's counsel drafted the agreement.

Husband acquired an interest in a separate retirement system run by the Commonwealth, the Virginia Retirement System (VRS), upon its institution in 1990. Husband received benefits under this plan based on his years as a teacher during the marriage. At the time of the agreement, husband possessed an interest only in the VSRS, for the VRS did not yet exist. Husband alone has received benefits from the VRS since his retirement in 1999.

When wife learned of husband's interest in the VRS, she filed a motion seeking a portion of those benefits under the PSA. The trial court held a hearing on the motion on April 13, 2010. Wife testified that when making the agreement, she and husband never discussed husband's retirement assets.

The trial court denied wife a share in the VRS funds. The court held: "Nothing in the Agreement suggests that the parties contemplated future benefits would accrue to Mr. Roth as a result of his years of service during the marriage." It went on to state: "Had the parties contemplated the conveyance of future benefits, not in existence at the time of the execution of the Agreement they would have said so." Wife now appeals.

### III. ANALYSIS

On appeal, wife argues the parties' agreement plainly grants her a share in husband's VRS benefits. She maintains the word "including" in the agreement shows that she should receive a share of all retirement benefits husband obtained because of his work during the marriage. For the following reasons, we disagree.

We consider the parties' property settlement agreement under the same rules applicable to contracts. Bailey v. Bailey, 54 Va. App. 209, 215, 677 S.E.2d 56, 59 (2009).

It is "the intent of the parties as expressed in the contract [that] controls." Gayler v. Gayler, 20 Va. App. 83, 86, 455 S.E.2d 278, 280 (1995). Where a contract is unambiguous, courts must give effect to the words used. Stacy v. Stacy, 53 Va. App. 38, 44, 669 S.E.2d 348,

351 (2008) (*en banc*).  We "'are bound to say that the parties intended what the written instrument plainly declares.'"  Irwin v. Irwin, 47 Va. App. 287, 293, 623 S.E.2d 438, 441 (2005) (quoting Wilson v. Holyfield, 227 Va. 184, 187, 313 S.E.2d 396, 398 (1984)).

Where a contract contains ambiguity, courts may receive parol evidence to determine the parties' intention.  Aetna Cas. & Sur. Co. v. Fireguard Corp., 249 Va. 209, 215, 455 S.E.2d 229, 232 (1995).  "Contract language is ambiguous when 'it may be understood in more than one way or when it refers to two or more things at the same time.'"  Eure v. Norfolk Shipbldg. & Drydock Corp., 263 Va. 624, 632, 561 S.E.2d 663, 668 (2002) (quoting Granite State Ins. Co. v. Bottoms, 243 Va. 228, 234, 415 S.E.2d 131, 134 (1992)).  Permissible parol evidence includes evidence of "facts and circumstances surrounding the parties" and "negotiations between the parties."  Stroud v. Stroud, 49 Va. App. 359, 367, 641 S.E.2d 142, 146 (2007) (internal quotation marks omitted).  Courts generally construe ambiguous language against the party that drafted the contract, Martin & Martin, Inc. v. Bradley Enters., Inc., 256 Va. 288, 291, 504 S.E.2d 849, 851 (1998), but will not apply this rule to defeat otherwise persuasive evidence of contractual intent, Jennings v. Jennings, 12 Va. App. 1187, 1194, 409 S.E.2d 8, 13 (1991).

We must first determine whether the agreement here admits of ambiguity.  The relevant provisions tend to support husband's interpretation.  Both paragraphs under the retirement section expressly mention the VSRS, while making no express statement of other plans or future plans.  Husband "is entitled to retirement benefits" that "includ[e]" the VSRS.  The agreement describes the VSRS as having "his retirement benefits."  Furthermore, the agreement indicates the parties desire to conclude their legal obligations by the contractual language.  To that end, the agreement contains an express waiver of retirement assets except as "specifically provided" by the contractual terms.  This reveals a desire for a definitive settlement of retirement assets at the time of contracting.  Southerland v. Estate of Southerland, 249 Va. 584, 589, 457 S.E.2d 375,

- 4 -

378 (1995). The waiver seems inconsistent with allocation of unnamed, non-existent assets. Nonetheless, wife correctly notes that saying husband has retirement benefits "including" the VSRS tends to connote a non-exclusive list. Nextel WIP Lease Corp. v. Saunders, 276 Va. 509, 517, 666 S.E.2d 317, 321-22 (2008). Assuming, without deciding, that the agreement contains an ambiguity permitting the introduction of parol evidence, and even giving wife this benefit, we find the trial court correctly construed the agreement as giving wife an interest in only the VSRS.

The evidence offered by wife does not support her position. Wife testified that when she made the agreement, she had no knowledge of the retirement plans husband possessed. This contradicts the agreement, which expressly mentions the VSRS. See Prospect Dev. Co. v. Bershader, 258 Va. 75, 84, 515 S.E.2d 291, 296 (1999) (stating that parol evidence may not contradict the contractual terms).

Under familiar principles, if ambiguity exists in a contract, that ambiguity is to be construed against the drafter, here wife. Martin & Martin, Inc., 256 Va. at 291, 504 S.E.2d at 851; Mahoney v. NationsBank of Va., N.A., 249 Va. 216, 222, 455 S.E.2d 5, 9 (1995); Jennings, 12 Va. App. at 1194, 409 S.E.2d at 13. Without persuasive evidence concerning an ambiguous provision, it was proper to construe the provision against the drafter.

### III. ATTORNEY FEES

Both parties seek attorney's fees upon appeal.

> "The rationale for the appellate court being the proper forum to determine the propriety of an award of attorney's fees for efforts expended on appeal is clear. The appellate court has the opportunity to view the record in its entirety and determine whether the appeal is frivolous or whether other reasons exist for requiring additional payment."

Rice v. Rice, 49 Va. App. 192, 204, 638 S.E.2d 702, 708 (2006) (quoting O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996)). We have considered the record and conclude "the litigation addressed appropriate and substantial issues and that neither party

generated unnecessary delay or expense in pursuit of its interests." Estate of Hackler v. Hackler, 44 Va. App. 51, 75, 602 S.E.2d 426, 438 (2004); see also Tyszcenko v. Donatelli, 53 Va. App. 209, 225, 670 S.E.2d 49, 57 (2008).  Accordingly, both parties' requests for attorney's fees are denied.

For the foregoing reasons, the judgment of the trial court is affirmed.

Affirmed.