PRESENT: All the Justices

ROBERT E. GALLOWAY, ET AL.

v. Record No. 191387

COUNTY OF NORTHAMPTON, ET AL.

OPINION BY
JUSTICE WILLIAM C. MIMS
APRIL 1, 2021

FROM THE CIRCUIT COURT OF NORTHAMPTON COUNTY
W. Revell Lewis, III, Judge

In this case, the Court decides whether the Circuit Court of Northampton County abused its discretion in granting the appellees' motions to exclude the appellants' expert witnesses and subsequently dismissing the appellants' complaints with prejudice.

I. BACKGROUND AND MATERIAL PROCEEDINGS BELOW

In December 2014, appellants (the "Taxpayers") filed three separate complaints against the County of Northampton (the "County") and the Town of Cape Charles (the "Town"), alleging that their real property had been overvalued in recent tax assessments. The complaints were later consolidated into one case.

In April 2015, the County issued an interrogatory that asked whether the Taxpayers intended to call any expert witnesses. The Taxpayers' responded with the following statement:

> Plaintiff will rely upon the testimony of each author of Exhibits "A", "B", and "C" to provide details, the substance of facts and their opinions as regarding the fair market values of the vacant and improved lots. Each identified author is found the (sic) respective exhibits "A", "B", and "C."

Jason Restein was the author of one of the identified exhibits.

The matter then remained on the circuit court's docket for almost four years. In September 2018, the court scheduled trial for April 16–17, 2019. The court directed that the Uniform Pretrial Scheduling Order ("PTSO") would dictate the discovery procedure. The PTSO

was circulated and signed by the parties but, for reasons not in the record, was not entered by the court until January 16, 2019. It stated that "[i]f requested in discovery, plaintiffs'… experts shall be identified on or before 90 days before trial" and that "[i]f requested, all information discoverable under Rule 4:1(b)(4)(A)(i) of the Rules of the Supreme Court of Virginia shall be provided or the expert will not ordinarily be permitted to express any non-disclosed opinions at trial."

In December 2018, the County sent the Taxpayers a supplemental interrogatory to determine whether their intended experts had changed since 2015. The Taxpayers responded on January 8, 2019 by stating, "Plaintiffs identify as their expert witness L. Steven (Steve) Noble." They also indicated that they would elaborate on their response to the interrogatory by January 18, 2019, pursuant to an extension that the County had granted.

The Taxpayers did not supplement their response until two months later, on March 8, 2019, when they filed a detailed report of the testimony they expected Noble to present at trial. They also offered to make Noble available for deposition, but the defendants did not respond to the offer.

On March 14, 2019, the Taxpayers' counsel realized, without prompting from opposing counsel or the court, that he had failed to sign the signature blanks on the May 2015 interrogatory answers that identified Restein as an expert witness. He had, however, signed the discovery responses once at the end of document and again after the certificate of service.[1] He promptly signed the empty signature blanks and sent the corrected document to the court.

---

[1] The discovery responses were entitled "Robert Galloway's 1st Set of Responses to Interrogatories & Document Production." Counsel signed the document production response and the certificate of service, but did not sign the interrogatory response. However, the plaintiff, Robert Galloway, signed the interrogatory response, under oath, as being "true to the best of his information and belief." This signature was then notarized.

On March 18, 2019, the County and the Town each filed a motion in limine and motion to dismiss, arguing that the Taxpayers' experts should be excluded because the Taxpayers had not complied with the PTSO.[2]  Under the terms of the PTSO, the Taxpayers were required to identify their experts at least 90 days before trial.  The defendants asserted that the identification of Restein as the Taxpayers' intended expert in their response to the 2015 interrogatory was insufficient because the response was not adequately signed by an attorney before the deadline set out in the PTSO.  They contended that the interrogatory answer therefore did not become effective until March 14, 2019, when signed by the Taxpayers' counsel, just over one month before trial.

Likewise, the defendants argued that the Taxpayers failed to provide a timely detailed report on the substance of Noble's intended testimony in violation of Rule 4:1(b)(4)(A)(i), which was incorporated into the PTSO.  The Taxpayers were required to provide a description of Noble's testimony by January 18, 2019.  The description was not tendered until March 8, 2019.  And, because plaintiffs must provide an expert opinion as to the fair market value of the property to succeed on a claim for overvaluation of property for tax purposes under this Court's decision in *Western Refining Yorktown v. County of York*, 292 Va. 804, 818 (2016), they asserted that the case should be dismissed.

---

[2] The County inadvertently failed to attach exhibits to its initial motion in limine and motion to dismiss.  Without obtaining leave of court, it filed an amended motion with the exhibits the following day.  The Taxpayers argue that the trial court did not have jurisdiction to grant a motion that was amended without leave of court under Rule 1:8 ("No amendments may be made to any pleading after it is filed save by leave of the court.").  The County asserts that the trial court ruled on the original motion because the exhibits in the amended motion were not necessary to support the ruling of the trial court but were merely helpful.  We find that the trial court granted the original, unamended motion.  This finding is supported by the fact that the trial court simultaneously granted the Town's motion, which adopted the County's first motion but not the amended motion.

The circuit court granted the motion to exclude both Restein and Noble as experts and dismissed the case with prejudice. The court based its decision to exclude Restein on the failure of the Taxpayers' counsel to sign the signature blank on the response to the 2015 interrogatories, finding that the response did not become effective until it was signed. The court excluded Noble because the Taxpayers neglected to supply the defendants with a timely explanation of the substance of Noble's findings. The action was dismissed with prejudice, as the Taxpayers conceded that they could not move forward with the suit without expert witnesses to establish the fair market values of their respective properties.

We awarded the Taxpayers this appeal.

## II. ANALYSIS

Pursuant to Rule 4:12(b)(2), a trial court may sanction a party that "fails to obey an order to provide or permit discovery." One sanction that is available to the court is to prohibit an offending party "from introducing designated matters in evidence," including by preventing the party's witness from testifying. Rule 4:12(b)(2)(B); *Martin & Martin, Inc. v. Bradley Enters.*, 256 Va. 288, 292–93 (1998). Because the trial court "exercises broad discretion in determining the appropriate sanction," this Court reviews its decision for an abuse of discretion. *Landrum v. Chippenham & Johnston-Willis Hosps., Inc.*, 282 Va. 346, 352 (2011) (quoting *Walsh v. Bennett*, 260 Va. 171, 175 (2000) (internal quotation marks omitted)).

An abuse of discretion can occur in three principal ways: "when a relevant factor that should have been given significant weight is not considered; when an irrelevant or improper factor is considered and given significant weight; and when all proper factors, and no improper ones, are considered, but the court, in weighing those factors, commits a clear error of judgment." *Landrum*, 282 Va. at 352. A court also abuses its discretion when it "incorrectly

4

ascertains what the law requires." *Graves v. Shoemaker*, 299 Va. ___ (2020) (citing *Lawlor v. Commonwealth*, 285 Va. 187, 213 (2013)).

### A. Exclusion of Steven Noble

The PTSO entered by the trial court required a party, if requested by the opposing party, to disclose the identities of any expert witnesses the party intended to call 90 days before the date of trial. It also required the parties to disclose the substance of the facts and opinions to which the expert was expected to testify, and a summary of the grounds for each opinion, as outlined in Rule 4:1(b)(4)(A)(i).[3] The PSTO further provided that if a party failed to disclose an expert opinion, that party "will not ordinarily be permitted" to utilize that opinion at trial.

Noble was identified by the Taxpayers as one of their intended expert witnesses on January 8, 2019, several days before the deadline. However, they failed to provide the information required by Rule 4:1(b)(4)(A)(i), incorporated into the PTSO, until two months later, on March 8, 2019. The PTSO specifically warned that if a party failed to comply with the requirements of the PTSO, the party would "ordinarily not be permitted" to use the undisclosed expert opinion at trial. "This warning reinforces the trial court's presumptive authority to prohibit a party in material breach of an order regulating discovery from 'introducing designated matters in evidence.'" *Mikhaylov v. Sales*, 291 Va. 349, 358–59 (2016).

The Taxpayers argue that they should not be held to the terms of the PTSO because it was not entered by the court until January 16, 2019, the same day they were required to disclose the identity of their experts and the substance of the experts' facts and opinions. The record does

---

[3] Rule 4:1(b)(4)(A)(i) provides that "[a] party may through interrogatories require any other party to identify each person whom the party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion."

not reveal why there was a delay in entering the PTSO. Nevertheless, the Taxpayers' counsel had adequate notice of the deadlines required by the PTSO, as he signed it in December 2018. Therefore, there was no "reasonable excuse" for failing to comply with the PTSO. *Id*. at 360.

Finally, the Taxpayers reason that, because they offered the defendants the opportunity to depose Noble, they should not be penalized for neglecting to provide the details required by Rule 4:1(b)(4)(A)(i). This Court has held, however, that "a party is not relieved from its disclosure obligation under [Rule 4:1(b)(4)(A)(i)] simply because the other party has some familiarity with the expert witness or the opportunity to depose the expert." *John Crane, Inc. v. Jones*, 274 Va. 581, 592 (2007).

Accordingly, the trial court did not abuse its discretion by excluding Noble from testifying at trial. "To hold otherwise would reduce the expert disclosure obligation to the status of a mere recommendation or, worse, a juristic bluff — obeyed faithfully by conscientious litigants but ignored at will by those willing to run the risk of unpredictable enforcement." *Mikhaylov*, 291 Va. at 360.

## B. Exclusion of Jason Restein

The Taxpayers identified Restein as one of their intended expert witnesses on May 28, 2015, nearly four years before the deadline set by the PTSO, in response to the defendants' interrogatory. At that time, they also provided to defendants a report describing the substantive facts and opinions to which Restein would testify. The parties do not dispute that the report satisfies the requirements of Rule 4:1(b)(4)(A)(i) if tendered in a timely manner.

The defendants, nonetheless, contend that the Taxpayers' identification of Restein as an expert witness was invalid because the Taxpayers' counsel failed to sign the signature blank on

6

the response to the interrogatories in violation of Rule 4:1(g).[4]  We disagree.  The Taxpayers' counsel's signatures at the end of the discovery responses, together with the plaintiff's notarized and sworn signature, were sufficient to satisfy the requirements of Rule 4:1(g).

Even if the signatures had been insufficient, the remedy provided in Rule 4:1(g) is for an unsigned interrogatory response to "be stricken unless it is signed promptly after the omission is called to the attention of the party making the request, response, or objection."  In this instance, neither the County nor the Town called this inadvertent omission to the attention of the Taxpayers.  The Taxpayers' counsel promptly signed the interrogatory response after he realized, without being alerted by opposing counsel or the court, that he had failed to sign a signature blank.

The defendants also argue that the Taxpayers waived their right to have Restein testify as an expert in their response to the second interrogatory.  The response said, "Plaintiffs identify as their expert witness L. Steven (Steve) Noble."  It did not list Restein as an expert witness.  The Taxpayers did not abandon the right to call to Restein since they had already informed the defendants that they intended to call him in their response to the 2015 interrogatory.  If the defendants had conferred with the Taxpayers about this issue, as our discovery rules direct litigants to do, they would have known that the Taxpayers intended to supplement, rather than supplant, the identification of experts.  *See, e.g.*, Rule 4:1(b)(4)(8).

Because Restein was identified in the Taxpayers' response to the defendants' first interrogatory in May 2015 and his opinions were sufficiently described therein, we find that the trial court abused its discretion in excluding him as an expert witness.

---

[4] Rule 4:1(g) provides that "[e]very request for discovery or response or objection thereto made by a party represented by an attorney must be signed by at least one attorney of record in the attorney's individual name, whose address must be stated."

C.  Dismissal of the Case

The circuit court dismissed the Taxpayers' case because they conceded that they would not be able to proceed without expert testimony regarding the fair market value of their respective properties.  The Taxpayers maintain that they could support their case with the testimony of either Restein or Noble.  The court abused its discretion in excluding Restein as an expert.  Consequently, the court also abused its discretion by dismissing the case with prejudice.

## III.  CONCLUSION

While the Circuit Court of Northampton County did not abuse its discretion in excluding Noble as an expert witness, it abused its discretion in the exclusion of Restein and the consequent dismissal of the case.  The judgment is therefore reversed, and this case is remanded for further proceedings in accordance with this opinion.

*Reversed and remanded.*